UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAN RIVERA

VERSUS

MARTIN J. DONNELLY ANTIQUE TOOLS

CIVIL ACTION

NUMBER 14-667-JWD-SCR

**RULING ON MOTION TO COMPEL**

Before the court is the Motion to Compel and For Sanctions and to Deem Response Admitted filed by defendant Martin J. Donnelly Antique Tools. Record document number 19. The motion is opposed.[1]

Plaintiff Adan Rivera seeks damages from an alleged breach of contract by defendant Martin J. Donnelly Antique Tools. The contract required the defendant to list and sell at auction antiques and tools owned by the plaintiff. Plaintiff also alleged that he entered into the contract due to fraudulent inducements and negligent misrepresentations made by the defendant.

Defendant filed this motion seeking dismissal of the plaintiff's claims, or in the alternative, supplemental responses to the defendant's First Set of Requests for Admission, Interrogatories and Requests for Production of Documents served on June 17, 2015. Defendant sought to have Request for Admission No. 3 be deemed admitted and to require the plaintiff to supplement his responses to Interrogatory Nos. 1, 2, 3, 4, 5, 6, and 7, and

---

[1] Record document number 20. Defendant filed a reply. Record document number 23.

Request for Production Nos. 1, 2, and 3.  Defendant also sought an award of attorneys' fees incurred in conjunction with this motion.

Plaintiff argued that he provided the defendant with all relevant information and material in his possession.

Defendant's motion is resolved as follows.

Defendant argued that the plaintiff's response to Request for Admission No. 3 was untimely and lack specific detail.  Plaintiff's responses to the Request for Admissions were served on August 10, 2015, after the 30 day period provided in Rule 36, Fed.R.Civ.P.  Plaintiff's responses to the requests for admission were handwritten on a copy of the requests and were not signed by the plaintiff or the plaintiff's attorney.

Rule 36(a)(3) provides that matters are admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time to respond may be stipulated to under Rule 29 or ordered by the court.

Although the plaintiff argued that his answer to Request for Admission No. 3 provided sufficient detail, he failed to show that parties consented to an extension of the time to respond or that the format of his responses was proper.  Because Rule 36 is self-executing, 30 days after service of the defendant's requests, the request was deemed admitted by default.  Therefore, an order

deeming Request for Admission No. 3 admitted is unnecessary.[2]

Interrogatory No. 1, sought identification of any item that was delivered to defendant but is not listed in Exhibit B.[3] Defendant also requested that for each such item the plaintiff provide: (1) the date of delivery, (2) the minimum reserve price, (3) whether full payment for the item was received and/or the amount that should have been paid for each item.  Plaintiff answered that "many of these items have been answered in exhibit B; the remainder is being completed: over 2,000 items."[4]  Plaintiff did not identify any item that is not listed in Exhibit B.  In his opposition to this motion, the plaintiff did not state that he has ever produced a supplement list of "over 2,000" previously unlisted items.  Moreover, the plaintiff stated that Exhibit B is "complete."[5]

As the plaintiff's most recent statement is that Exhibit B is complete, the plaintiff is not required to supplement his answer to

---

[2] Because the 30 day deadline has run and no extension was granted, the plaintiff's sole recourse was to move to withdraw or amend their deemed admissions under Rule 36(b).  No such motion was filed.

[3] See record document numbers 19-2 and 19-3, Exhibit B. Exhibit B appears to be an itemized inventory prepared by the plaintiff which was provided to the defendant.

[4] Record document number 19-4, p. 2, Response to Interrogatory No. 1.

[5] Record document number 20, p. 4.  Plaintiff may be prevented under from pursuing claims for items that were not timely disclosed.  Rule 37(c), Fed.R.Civ.P.

to Interrogatory No. 1.

In Interrogatory No. 2, the defendant asked the plaintiff to identify the specific inducements and misrepresentations allegedly made by the defendant, dates the statements were made, and witnesses to theses statements.  Plaintiff's response stated that the "misrepresentations are sell for reserve/appraisal value, didn't keep inventory, and sold lots (groups)."[6]  Defendant argued that this response was non-specific and vague.

Plaintiff's response is insufficient.  The only specific inducement/misrepresentation identified by the plaintiff is "sell for reserve/appraisal value."[7]  Plaintiff did not provide the requested details about this inducement/misrepresentation. Plaintiff is required to provide the specific details requested in this interrogatory in a coherent manner.  If such details, i.e. the dates, the witnesses and the locations, are unknown, the plaintiff is required to state that he does not know the details.

Interrogatory No. 3. requested the plaintiff to provide facts supporting his claim that the defendant failed to advertise the items delivered to the defendant.  In his answer, the plaintiff

---

[6] Record document number 19-4, p. 2.

[7] The other components of the plaintiff's answer – "didn't keep inventory, sold in lots (groups)" – logically would have been things that occurred after formation of the contract. While they may form part of a breach of contract claim, they cannot reasonably be characterized as "inducements and misrepresentations" that could have caused the plaintiff to enter into the contract.

stated that the " 'Adan Rivera Collections' was not listed in any catalog or listing,"[8] and named two witnesses that will testify to support this allegation. Defendant argued that the plaintiff's answer was non-responsive and vague.

Plaintiff's response is sufficient. Plaintiff identified the sole factual basis for the allegation in Paragraph 7. Defendant's argument that the plaintiff failed to disclose what facts the witnesses will testify to is unavailing because the interrogatory did not request this information.

In Interrogatory No. 4, the defendant sought facts which support the plaintiff's allegation that the defendant failed to hold auctions at agreed upon locations, as asserted in Paragraph 8 of his amended petition.[9] Plaintiff answered by stating that "[h]e was told it would take 2- 3 yrs to sell all items. He never said that there was a 1 yr limit to liquidate the collection, as time went on the lots (groups) got larger & prices lower."[10] Defendant argued that this answer is non-responsive.

Plaintiff's response lacks any specific information concerning the specific obligations owed at the specified auction locations.

---

[8] Record document number 19-4, p. 3.

[9] This paragraph states: "The contract provided the Defendant would hold auctions on behalf of Adan Rivera in Indianapolis, Indiana, Nashua, New York, and Auoca, New York. The Defendant failed to hold auctions for the Plaintiff at the agreed upon locations." Record document number 10, Amended Complaint, ¶ 8.

[10] Record document number 19-4, p. 3.

This answer does not respond to the question propounded. A supplemental response, which includes the facts concerning auctions held, or not held, in Indianapolis, Indiana, Nashua, New York, and Auoca, New York must be provided.

Interrogatory No. 5 sought the amounts per item that were not fully paid by the defendant for items sold. In his response, the plaintiff stated specifically, "[d]idn't sell for full price & the phonographics were undersold there are boxes of records not accounted for. (box 69 & 70)."[11] Plaintiff's answer is almost uncomprehensible. Plaintiff failed to clearly state which items were "undersold" and provide information which would allow the defendant to determine how much is allegedly owed per item. A simple reference to Exhibit B is insufficient. Plaintiff must identify the items "undersold" and provide some type of accounting for these alleged damages.

Interrogatory No. 6 requested information concerning a written agreement on minimum prices for the inventory items to be sold. Defendant also sought a list of these minimum prices. Plaintiff answered that the agreement occurred at the time of delivery but failed to indicate whether that agreement was in writing or not. Plaintiff also stated in his opposing memorandum that Exhibit B contained the minimum set prices.

Plaintiff is required confirm, in a written and signed

---

[11] *Id.* at 4.

supplemental response, whether the agreement was in writing or not. If there was a written agreement, the plaintiff shall provided more specific details concerning this agreement. With respect to the minimum prices, a review of Exhibit B shows that each item includes a list price. Assuming that the list price on Exhibit B is the alleged minimum price, the plaintiff must provide written confirmation in a properly formatted and signed supplemental discovery response.

Interrogatory No. 7 sought a detailed calculation of the money alleged owed to the plaintiff. Plaintiff answered that the amount is "in excess of $100,000."[12] In his opposition, the plaintiff stated that the exact amount will be provided after he retains an expert.

Plaintiff's discovery response is insufficient. At this stage in litigation, more than one year from the time the action was filed and after the close of the fact discovery, the plaintiff should have sufficient factual information to answer the interrogatory - with or without the assistance of an expert. Furthermore, by now the plaintiff should have already retained and identified his expert.[13] Plaintiff is required to provided a

---

[12] *Id.*

[13] Record document number 18, Scheduling Order, p. 1, item D ("Plaintiff shall make the disclosure of persons who may be used at trial to present evidence under Rules 702, 703 or 705, Fed.R.Civ.P., by October 15, 2015."

detailed answer setting the facts which support the calculation of his damages. Plaintiff can further support his answer with the opinions of an expert.[14]

With respect to the plaintiff's responses to the defendant's Request for Production of Documents Nos. 1, 2, and 3, the defendant has demonstrated that the plaintiff has failed to provided any responsive documents or object to production of the requested documents. Plaintiff's responses are grossly deficient and demonstrate a complete lack of any diligent effort to produce responsive documents. Plaintiff is required to supplement his responses by producing responsive documents.

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, the court may apportion reasonable expenses for the motion unless the motion was substantially justified or other circumstances make an award of expenses unjust. All but two of the contested discovery responses were insufficient and/or unresponsive. A review of the plaintiff's discovery responses as a whole show that the plaintiff has made little to no attempt to properly satisfy his discovery obligations as required under the Federal Rules of Civil Procedure. Plaintiff has not demonstrated any circumstances which would make an award of expenses to the defendant unjust. Defendant did not submit

---

[14] The deadline for the plaintiff to produce his expert's report is November 30, 2015. Record document number 18, p. 1, item E.

anything to establish a specific amount of expenses incurred in filing this motion. A review of the motion papers supports finding that an award of $500.00 is reasonable.

Accordingly, the Motion to Compel and For Sanctions and to Deem Response Admitted, filed by defendant Martin J. Donnelly Antique Tools, is granted in part. Plaintiff is deemed to have admitted Request for Admission No. 3. Within 14 days the plaintiff shall provide supplement answers to Interrogatory Nos. 2, 4, 5, 6, and 7, and produce documents responsive to Request for Production Nos. 1, 2 and 3, as discussed above. No objections will be allowed. Plaintiff's supplemental answers to interrogatories must comply with Rule 33(b) (1), (3) and (5). Pursuant to Rule 37(a)(5)(C), the plaintiff is ordered to pay the defendant, within 14 days, reasonable expenses in the amount of $500.00. In all other respects, the defendant's motion is denied.

Baton Rouge, Louisiana, November 9, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE